**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH POWELL,<br><br>Defendant. | ) | 4:11-cr-00010-RRB-SAO<br><br>**REPORT AND RECOMMENDATION REGARDING MOTION TO SEVER COUNT I AND COUNT V FOR TRIAL**<br><br>(Docket No. 156) |

## INTRODUCTION

Joe Powell was charged with two crimes in a seven-count indictment. Powell filed a Motion to Sever Counts I and V for Trial at Docket No. 156. A Response in Opposition was filed at Docket 189. Defendants Willie Wilson, Anthony Gadson, Andra Ali Taylor, and Donte Edwards were permitted to join this motion at Docket Nos. 157, 178, 179, and 210. Powell requests severance of the counts due to the prejudicial impact of evidence from Count I influencing the jury on Count V. Powell argues that he will be prejudiced because evidence presented by the United States with regard to Count I would be improperly considered by the jury with respect to Count V. Oral argument or an evidentiary hearing was not requested. For the following reasons, I find that joinder of Counts I and V was proper, and that severance is not warranted.

## LEGAL STANDARDS

The Federal Rules of Criminal Procedure permit joinder of offenses if the offenses are of the same or similar character, based on the same act or transgression, or are based on acts or

transactions that are connected or constitute parts of a common scheme.[1] Joinder is the default rule, not the exception.[2] Although not defined in the rules, the Ninth Circuit has held that the term "transaction" is to be interpreted flexibly.[3] A "series of transactions" can be shown by "the existence of a common plan, scheme, or conspiracy" or by showing that the evidence of common activity constitutes a substantial portion of proof of the joined charges.[4]

Once the United States has demonstrated that joinder is proper pursuant to Rule 8(a), the defendant has the burden to demonstrate that the counts should be severed.[5] Counts should be severed if the joinder is so "manifestly prejudicial" that it outweighs the concerns of judicial economy and compels the court to sever.[6] Prejudice can occur to a defendant when:

> "(1) he may become embarrassed or confounded in presenting separate defenses; (2) the jury may use the evidence of one of the crimes charged to infer a criminal disposition on the part of the defendant from which is found his guilt of the other crime or crimes charged; or (3) the jury may cumulate the evidence of the various crimes charged and find guilt when, if considered separately, it would not so find."[7]

There is also a risk of undue prejudice when joinder allows a jury to consider evidence of other crimes where the evidence would otherwise be inadmissible.[8] However, "[i]f all of the evidence of the separate count would be admissible upon severance, prejudice is not heightened by joinder. A trial court does not abuse its discretion in denying severance under Rule 14 under such circumstances."[9] Even if "evidence concerning the other crime is limited or not admissible, our primary concern is whether the jury can reasonably be expected to "compartmentalize the

---

1 Federal Rules of Criminal Procedure 8(a).
2 United States v. Armstrong, 621 F.2d 951, 953 (9th Cir. 1980).
3 United States v. Sarkisian, 197 F.3d 966, 975-76 (9th Cir. 1999).
4 United States v. Vasquez-Velasco, 15 F.3d 833, 843-44 (9th Cir. 1994).
5 See Federal Rules of Criminal Procedure 14.
6 Armstrong, 621 F.2d at 954.
7 United States v. Johnson, 820 F.2d 1065, 1070 (9th Cir. 1987) (quoting Drew v. United States, 331 F.2d 85, 88 (D.C. Cir. 1964)).
8 United States v. Lewis, 787 F.2d 1318, 1322 (9th Cir. 1986).
9 Johnson, 820 F.2d at 1070.

evidence" so that evidence of one crime does not taint the jury's consideration of another crime."[10] Finally, courts should construe Rule 8 liberally in favor of joinder.[11]

## FACTS

Powell, Wilson, Gadson, and Edwards are charged in Count I and Count V of the seven-count indictment.[12] Count I alleges that Powell, along with several co-conspirators, violated 21 U.S.C. §§ 846, 841(b)(1)(B), (b)(1)(C), and (b)(1)(D), conspiracy to distribute and possess 500 grams or more of cocaine, a detectable amount of heroin, cocaine base, ecstasy, and marijuana between on or about February 1, 2009 and on or about May 22, 2011. Count V alleges that Powell, with his co-conspirators, violated 18 U.S.C. § 1513(f), for conspiracy to retaliate against an informant between on or about May 11, 2011 and May 22, 2011.

Taylor was charged in Count V and Count VII of the seven-count indictment. Count VII alleges that Taylor along with Wilson violated 18 U.S.C. § 1513(b)(2), for causing bodily injury in retaliation against an informant on or about May 21, 2011.

The United States alleges that on November 2, 2010, a confidential informant was used for a controlled drug buy operation. After the defendants were arrested, and as part of pre-trial discovery, the police report was given to the defendants. However, the reports were mistakenly not redacted to remove the confidential informant's name. The confidential informant, who was incarcerated at the Fairbanks Correctional Center on other charges, was allegedly threatened and assaulted in May of 2011.

[10] Id. at 1071 (internal citations omitted).
[11] Sarkisian, 197 F.3d at 975.
[12] While Wilson, Gadson, and Edwards are also named in other Counts in the Indictment, this Motion only addresses severance of Count I from Count V, the subject of the Motion at Docket 156.

## CONCLUSIONS OF LAW

In this case, the United States has met its burden under Rule 8(a). The United States has demonstrated that the facts it alleges constitute parts of a common scheme. The alleged drug conspiracy appeared to be an ongoing, continuous action, and the alleged attack on the confidential informant was part of an effort to prevent successful prosecution of the conspiracy. Multiple allegations by the United States support its allegations regarding the ongoing nature of the conspiracy. These allegations include the fact that the narcotics conspiracy ran from February 2009 to May 22, 2011, that the retaliation occurred between May 11 and May 22, 2011, and that four of the five defendants charged in the retaliation count are also charged in the narcotics conspiracy count. Furthermore, the name of the confidential informant became known to the defendants charged in Count V because an unredacted police report was given to one of the defendants in Count I. Finally, the information provided by the informant related to the drug conspiracy is the basis for the retaliation charged in Count V.

In addition to the allegations the United States puts forth in its brief, Powell also concedes in his brief that the facts underlying Count V are based on the existence of facts necessary to prove Count I. It appears that Powell does not challenge that joinder was proper under Rule 8; rather, he contends that severance under Rule 14 is more appropriate.

In weighing the rights of the defendant against the need for judicial economy, I find that severance is not appropriate in this case. Count V requires that the United States prove that the defendants conspired to cause or threaten to cause bodily harm in retaliation for information relating to the commission or possible commission of a Federal offense.[13] In order to meet its burden on Count V, evidence presented against the Powell on Count I would be generally admissible. Such evidence would include the existence of the confidential informant and that the

[13] See 18 U.S.C. § 1513.

informant had provided information about a drug conspiracy to the authorities. Without ruling on specific evidence in the absence of an evidentiary hearing, evidence of other crimes, wrongs or acts are generally admissible for purposes other than showing action in conformity therewith.[14] Although such evidence is subject to the test of Rule 403, evidence of a second offense which constitutes an element of the charged offense is generally admissible.[15] [16]

Even if the evidence is partially or wholly inadmissible, severance is still not appropriate. First, Powell has not shown that he will suffer prejudice that is undue, manifest or clear.[17] Powell contends that the counts should be severed because Count V depends on first proving Count I, and thus he is prejudiced by being forced to defend both counts in a single trial. However, as the United States correctly identifies, Powell can be properly convicted under Count V, even if he is found not guilty of Count I, because the statute prohibits retaliation against an informant related to the commission or *possible commission* of a federal offense.[18] Even if a jury finds that no such federal offense actually took place, the fact that a possible commission of a federal offense was suspected would be sufficient to support a conviction. Additionally, if Powell is found not have participated in the drug conspiracy, he can still be found guilty of conspiring to retaliate against the confidential informant.[19]

---

[14] Federal Rules of Evidence 404(b).
[15] See United States v. Irvine, 756 F.2d 708 (9th Cir. 1985).
[16] The defendant contends that there is a high risk of undue prejudice whenever inadmissible evidence of other crimes is introduced in a joint trial; however, he makes no allegations, nor offers any reason why the evidence pertaining to Count I would be inadmissible.
[17] See United States v. Adler, 879 F.2d 491, 497 (9th Cir. 1988).
[18] See 18 U.S.C. § 1513.
[19] Wilson's argument with regard to the nature of the prejudice is lacking. Although counsel requests severance, cites the applicable law, and concludes severance is required because of prejudice to the defendant, the brief lacks sufficient explanation of *why*. In the absence of more specific facts and analysis, a mere assertion that joinder is prejudicial is manifestly insufficient, particularly when the burden of showing the necessity of joinder is on the defendant. Armstrong, 621 F.2d at 954.

## CONCLUSION

For the foregoing reasons, I recommend that the Powell's motion to sever Count I and Count V should be DENIED.

IT IS SO RECOMMENDED.

DATED this 9th day of September, 2011 at Fairbanks, Alaska.

s/SCOTT A. ORAVEC
SCOTT A. ORAVEC
United States Magistrate Judge

Pursuant to Local Magistrate Rule 6(a), a party seeking to object to this proposed finding and recommendation shall file written objections with the Clerk of Court no later than **NOON** on **September 16, 2011**. The failure to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal.[20] The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation.[21] Objections and responses shall not exceed **five (5) pages** in length, and shall not merely reargue positions presented in motion papers. Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support. Response(s) to the objections shall be filed on or before **NOON** on **September 21, 2011**. The parties shall otherwise comply with provisions of Local Magistrate Rule 6(a).

Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the district court's judgment.[22]

---

[20] McCall v. Andrus, 628 F.2d 1185, 1187-1189 (9th Cir.), cert. denied, 450 U.S. 996 (1981).
[21] United States v. Howell, 231 F.3d 615 (9th Cir. 2000).
[22] See Hilliard v. Kincheloe, 796 F.2d 308 (9th Cir. 1986).