**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIE WILSON,<br><br>Defendant. | 4:11-cr-00010-RRB-SAO<br><br>**REPORT AND RECOMMENDATION REGARDING MOTION TO SEVER COUNT II (Dkt 220) AND MOTION TO SEVER COUNTS V, VI, AND VII (Dkt 221)** |

## INTRODUCTION

Willie Wilson was charged with six offenses in a seven-count indictment. Wilson filed a Motion to Sever Count II from the remaining counts (Docket no. 220) and a Motion to Sever Counts V, VI and VII from the remaining counts (Docket no. 221). Wilson argues that evidence presented by the United States with regard to Counts II, V, VI, and VII would be improperly considered by the jury with respect to the other counts creating a prejudicial impact. Oral argument or an evidentiary hearing was not requested. For the following reasons, I find that joinder of Count II, V, VI, and VII was proper, and that severance of the charges is not warranted.

## LEGAL STANDARDS

The Federal Rules of Criminal Procedure permit joinder of offenses if the offenses are of the same or similar character, based on the same act or transgression, or are based on acts or transactions that are connected or constitute parts of a common scheme.[1] Joinder is the default

[1] Federal Rules of Criminal Procedure 8(a).

rule, not the exception.[2] Although not defined in the rules, the Ninth Circuit has held that the term "transaction" is to be interpreted flexibly.[3] A "series of transactions" can be shown by "the existence of a common plan, scheme, or conspiracy" or by showing that the evidence of common activity constitutes a substantial portion of proof of the joined charges.[4]

Once the United States has demonstrated that joinder is proper pursuant to Rule 8(a), the defendant has the burden to demonstrate that the counts should be severed.[5] Counts should be severed if the joinder is so "manifestly prejudicial" that it outweighs the concerns of judicial economy and compels the court to sever.[6] Prejudice can occur to a defendant when:

> "(1) he may become embarrassed or confounded in presenting separate defenses; (2) the jury may use the evidence of one of the crimes charged to infer a criminal disposition on the part of the defendant from which is found his guilt of the other crime or crimes charged; or (3) the jury may cumulate the evidence of the various crimes charged and find guilt when, if considered separately, it would not so find."[7]

There is also a risk of undue prejudice when joinder allows a jury to consider evidence of other crimes where the evidence would otherwise be inadmissible.[8] However, "[i]f all of the evidence of the separate count would be admissible upon severance, prejudice is not heightened by joinder. A trial court does not abuse its discretion in denying severance under Rule 14 under such circumstances."[9] Even if "evidence concerning the other crime is limited or not admissible, our primary concern is whether the jury can reasonably be expected to "compartmentalize the

---

[2] United States v. Armstrong, 621 F.2d 951, 953 (9th Cir. 1980).
[3] United States v. Sarkisian, 197 F.3d 966, 975-76 (9th Cir. 1999).
[4] United States v. Vasquez-Velasco, 15 F.3d 833, 843-44 (9th Cir. 1994).
[5] See Fed R. Crim. Pro. 14.
[6] Armstrong, 621 F.2d at 954.
[7] United States v. Johnson, 820 F.2d 1065, 1070 (9th Cir. 1987) (quoting Drew v. United States, 331 F.2d 85, 88 (D.C. Cir. 1964)).
[8] United States v. Lewis, 787 F.2d 1318, 1322 (9th Cir. 1986).
[9] Johnson, 820 F.2d at 1070.

evidence" so that evidence of one crime does not taint the jury's consideration of another crime."[10] Finally, courts should construe Rule 8 liberally in favor of joinder.[11]

## FACTS

Wilson was charged, along with several co-conspirators, under a seven-count indictment for a variety of federal offenses, including narcotics offenses, retaliating against a witness, and attempted murder of that witness. The allegations of the conspiracy include drug transactions which occurred at two residences in Fairbanks, Alaska: a residence on Fouts Road and a residence on Adams Drive.

After Wilson and his co-defendants were indicted, the prosecution turned over police reports to the defendants which were mistakenly unredacted, and contained the name of a confidential informant. Shortly thereafter, the informant, who was being held at the Fairbanks Correctional Center with Wilson, was allegedly assaulted by Wilson. Wilson concedes that he did engage in conduct that caused bodily injury to the informant, but denied attempting to murder him. Wilson filed a motion requesting that the Court dismiss Counts 1, 2, 3, 4 and 6 of the indictment (Docket no. 188), as well as for a bill of particulars (Docket no. 219), to sever the conduct at Fouts Road from the other conduct charged in the indictment (to sever Count II) and to sever the retaliation and attempted murder counts from the other conduct charged in the indictment (to sever Count V, VI, and VII).[12] This Report and Recommendation will only consider Wilson's motions to sever at docket no. 220 and no. 221.[13]

---

[10] Id. at 1071 (internal citations omitted).
[11] Sarkisian, 197 F.3d at 975.
[12] Defendant filed one motion at Docket no. 188 seeking dismissal of Counts 1, 2, 3, 4 and 6; requesting the court order a bill of particulars; severance of the counts. Subsequently, the court divided the motion at docket no. 188 into four docket nos. 188, 219, 220, and 221.
[13] Although neither referenced in the indictment, nor explicitly in his motion to dismiss, the court is assuming that Wilson is moving to sever Count II from the rest of the indictment. Count IV references the residence on Fouts Road, with a time frame that matches the allegations in Count II. Fed. R. Crim. Pro. 14(a) only permits a court to

## CONCLUSIONS OF LAW

In this case, the United States has met its burden under Rule 8(a). The United States' contention is that the conduct that occurred at both the Fouts residence and the Adams residence are part of a larger narcotics conspiracy. Although Wilson disputes that assertion,"[t]he allegations of the indictment are presumed to be true."[14] The United States alleges that Wilson was part of a large narcotics distribution conspiracy, focused primarily on cocaine. This gave rise to the allegations in Count II.

Additionally, joinder is proper because Wilson has made no allegations that joinder will cause him to suffer undue prejudice.[15] For instance, Wilson does not contend that trying both drug counts together will force him to put forth conflicting defenses, that the jury would improperly consider evidence from one count in deciding the other account, or that the jury would improperly weigh the cumulative nature of the evidence.[16] Even if such allegations were made, joinder would not be so "manifestly prejudicial" as to outweigh the serious concerns of judicial economy.[17] Finally, if the United States' contentions are true, it is likely that the evidence of an on-going conspiracy would be admissible, and thus would lessen the prejudicial impact of joinder.[18]

---

order "separate trials of counts", not particular conduct, as Wilson is requesting. Thus, the court will construe his motion as requesting the court to sever Count II from the rest of the indictment.

[14] United States v. Buckley, 689 F.2d 893, 897 (9th Cir. 1982); Boyce Motor Lines v. United States, 342 U.S. 337, 343, fn. 15 (1952).

[15] Much of Wilson's brief focuses on the lack of evidence to support a conviction, and he uses that to justify the prejudice which would arise if his motion to sever is denied. However, as explained in my ruling on Wilson's motion to dismiss, a pre-trial motion is not a proper venue to challenge the sufficiency of the evidence. See, e.g. United States v. Jensen, 93 F.3d 667, 669 (9th Cir. 1996) (citing United States v. Mann, 517 F.2d 259, 267 (5th Cir.), cert. denied, 424 U.S. 1087 (1976)).

[16] See Johnson, 820 F.2d at 1070.

[17] See Armstrong, 621 F.2d at 954.

[18] See Johnson, 820 F.2d at 1070.

As to Wilson's motion to sever Counts V, VI, and VII, joinder is also proper. After the defendants were indicted, and the name of the confidential informant became known to the conspirators, the Government alleges that there was a conspiracy to retaliate against the informant. If the United States' contentions are true, then the counts were properly joined as part of a common plan or scheme.[19] Like the motion to sever Count II, Wilson makes no specific allegations of prejudice. Although Johnson set forth several types of prejudice a defendant could suffer as a result of misjoinder, Wilson neither alleges nor makes any showing that any of those types of prejudice would occur in his case.[20] Finally, for the charge of conspiracy to retaliate against a witness, evidence of the underlying criminal conduct may be admissible.[21]

## CONCLUSION

For the foregoing reasons, I recommend Wilson's motion to sever at docket no. 220 and no. 221 be DENIED.

IT IS SO RECOMMENDED.

DATED this 14th day of September, 2011 at Fairbanks, Alaska.

s/SCOTT A. ORAVEC
SCOTT A. ORAVEC
United States Magistrate Judge

Pursuant to Local Magistrate Rule 6(a), either party seeking to object to this proposed finding and recommendation shall file written objections with the Clerk of Court no later than **4:00pm** on **September 16, 2011**. The failure to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on

[19] See Fed. R. Crim. Pro. 8(a).
[20] See Johnson, 820 F.2d at 1070.
[21] Fed. R. Ev. 404(b); Johnson, 820 F.2d at 1070

appeal.[22] The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation.[23] Objections and responses shall not exceed **five (5) pages** in length, and shall not merely reargue positions presented in motion papers. Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support. Response(s) to the objections shall be filed on or before **4:00pm** on **September 19, 2011**. The parties shall otherwise comply with provisions of Local Magistrate Rule 6(a).

Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the district court's judgment.[24]

[22] McCall v. Andrus, 628 F.2d 1185, 1187-1189 (9th Cir.), cert. denied, 450 U.S. 996 (1981).
[23] United States v. Howell, 231 F.3d 615 (9th Cir. 2000).
[24] See Hilliard v. Kincheloe, 796 F.2d 308 (9th Cir. 1986).