**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOE POWELL,<br><br>Defendant. | ) | 4:11-cr-00010-RRB-SAO<br><br>**REPORT AND RECOMMENDATION REGARDING MOTION TO DISMISS COUNT V, OR FOR A BILL OF PARTICULARS**<br><br>(Docket No. 159)<br>(Joined by Docket No. 167 and 187) |

## INTRODUCTION

Joe Powell has filed a motion to dismiss Count V of the indictment due to an unduly vague indictment. In the alternative, Powell has asked the Court to order the United States to file a bill of particulars.[1] Andra Ali Taylor joined at Docket No. 167 and Willie Wilson joined at Docket No. 187. Because the indictment is not so unduly vague as to warrant dismissal of the indictment, I am recommending DENIAL of Powell's motion to dismiss the charge against him.

## LEGAL STANDARDS

Indictments must "be a plain, concise, and definite written statement of the essential facts of the offense charged..."[2] An indictment that sets forth the offense in the language of the statute itself and contains the necessary factual predicates is sufficient.[3] An indictment will withstand a motion to dismiss if it is sufficient (1) to enable the defendant to prepare his defense; (2) to ensure him that he is being prosecuted on the basis of the facts presented to the grand jury; (3) to

[1] This Report and Recommendation will only address Powell's motion to dismiss. His motion for a bill of particulars has already been addressed at Docket no. 239.
[2] Fed. R. Crim. Pro. 7(c)(1).
[3] United States v. Johnson, 804 F.2d 1078, 1084 (9th Cir. 1986); Hamling v. United States, 418 U.S. 87, 117 (1974).

enable him to plead double jeopardy; and (4) to inform the court of the alleged facts so that it can determine the sufficiency of the charge.[4]

**FACTS**

Powell was charged, along with several co-conspirators, in two Counts of a seven-count indictment for participation in a narcotics conspiracy (Count I) and conspiracy to retaliate against a witness (Count V).

Count 1 alleges:

> Between on or about February 1, 2009, and on or about May 22, 2011, both dates being approximate and inclusive, in the District of Alaska, the defendants, BRANDON HAYNES, WILLIE WILSON, DONTE EDWARDS, ANTHONY GADSON, JOE POWELL, NATASHA WOLFE and JOLEEN MALAMUTE, did knowingly and intentionally conspire, confederate, and agree with each other, and with others known and unknown to the Grand Jury, to commit the following offenses:
>
> (a) to distribute, and possess with intent to distribute, 500 grams or more of a mixture or substance containing a detectable amount of cocaine, in violation of Title 21, United States Code Section 841(a)(1) and (b) (1)(B);
>
> (b) to distribute, and possess with intent to distribute, detectable amounts of heroin, cocaine base, and 3,4 Methylene-dioxymethamphetamine ("ecstasy"), in violation of Title 21, United States Code Section 841(a)(1) and (b) (1)(C); and
>
> (c) to distribute, and possess with intent to distribute, a detectable amount of marijuana, in violation of Title 21, United States Code Section 841(a)(1) and (b) (1)(D);
>
> All of which is in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(B), (b)(1)(C), (b)(1)(D).

Count V alleges:

> Between on or about May 11, 2011, and on or about May 22, 2011, both dates being approximate and inclusive, within the District of Alaska, the defendants, WILLIE WILSON, DONTE EDWARDS, ANTHONY GADSON, JOE POWELL, and ANDRA ALI TAYLOR, did knowingly and intentionally combine, conspire, confederate, and agree with each other, and with others known and unknown to the Grand Jury, to take action harmful to a person known to the Grand Jury in retaliation for said person providing information to a law enforcement officer relating to the commission and

---

[4] United States v. Pheaster, 544 F.2d 353, 360 (9th Cir. 1976); Russell v. United States, 369 U.S. 749, 763, 768 n.15, 771 (1962).

possible commission of a federal offense (violations of the Controlled Substance Act, Title 21, United States Code, Section 801 et. seq. ), in violation of Title 18, United States Code Section 1513(e). All of which is in violation of Title 18, United States Code, Section 1513(f).

## CONCLUSIONS OF LAW

In this case, Powell moves to dismiss Count V of the indictment due to insufficient information in the language of the indictment, namely that Count V contains no information regarding Powell's actions or participation in the alleged conspiracy. However, "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as "those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished."[5] Here, the indictment language in Count V closely tracks United States Code language, adds details regarding the object of the conspiracy and approximates an eleven day time period.

Additionally, defense alleges the language provided is insufficient because it does not allege a specific overt act performed by Powell. However, such detail is not required. It is not necessary for an indictment to go further and allege in detail the factual proof that will be relied upon to support the charges, which appears to be the gravamen of the defense request.[6] As such, the language of the Count V appears sufficient to support the indictment.

## CONCLUSION

---

[5] Hamling at 117, citing United States v. Carll, 105 U.S. 611, 612, 26 L.Ed. 1135 (1882).

[6] United States v. Crippen, 579 F.2d 340, 342 (5th Cir. 1978) citing United States v. Bernstein, 2 Cir. 1976, 533 F.2d 775, 786, Cert. denied, 1976, 429 U.S. 998, 97 S.Ct. 523, 50 L.Ed.2d 608; Carbo v. United States, 9 Cir. 1963, 314 F.2d 718, 732-33, Cert. denied, 1964, 377 U.S. 953, 84 S.Ct. 1625, 12 L.Ed.2d 498; Wilson v. United States, 5 Cir. 1947, 158 F.2d 659, 663, Cert. denied, 1947, 330 U.S. 850, 67 S.Ct. 1095, 91 L.Ed. 1294.

Because the language of the indictment appears sufficient, I find the drastic remedy of a dismissal is not warranted and Powell's motion to dismiss, joined by defendant Taylor and Wilson, is DENIED.

IT IS SO RECOMMENDED.

DATED this 14th day of September, 2011 at Fairbanks, Alaska.

s/SCOTT A. ORAVEC
SCOTT A. ORAVEC
United States Magistrate Judge

Pursuant to Local Magistrate Rule 6(a), a party seeking to object to this proposed finding and recommendation shall file written objections with the Clerk of Court no later than **4:30pm** on **September 16, 2011**. The failure to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal.[7] The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation.[8] Objections and responses shall not exceed **five (5) pages** in length, and shall not merely reargue positions presented in motion papers. Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support. Response(s) to the objections shall be filed on or before **4:30pm** on **September 19, 2011**. The parties shall otherwise comply with provisions of Local Magistrate Rule 6(a).

Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the district court's judgment.[9]

---

[7] McCall v. Andrus, 628 F.2d 1185, 1187-1189 (9th Cir.), cert. denied, 450 U.S. 996 (1981).
[8] United States v. Howell, 231 F.3d 615 (9th Cir. 2000).
[9] See Hilliard v. Kincheloe, 796 F.2d 308 (9th Cir. 1986).